IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| v. | : | |
| EDUARDO CASTELAN-PRADO | : | NO. 21-274 |

MEMORANDUM

Bartle, J.                                                         June 2, 2022

      Defendants Eduardo Castelan-Prado and Jose Reyes Ochoa have been indicted on counts of conspiracy to commit kidnapping (18 U.S.C. § 1201(a)(1), (c), (g)) and kidnapping (18 U.S.C. § 1201(a)(1), (g)).  Castelan-Prado has filed a motion for trial severance from Ochoa under Rule 14(a) of the Federal Rules of Criminal Procedure.

      Rule 14(a) provides in relevant part:

> If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

      Under Rule 14(a), severance is required only when "there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." United States v. Urban, 404 F.3d 754, 775 (3d Cir. 2005)

(quoting Zafiro v. United States, 506 U.S. 534, 539 (1993)). The defendant must demonstrate that a joint trial would "lead to clear and substantial prejudice resulting in a manifestly unfair trial." Id. (internal quotation marks and citation omitted).

There is a preference for joint trials when multiple defendants have been charged in the same indictment. Zafiro, 506 U.S. at 547. Defendants accused of conspiring with each other should generally be tried together "for purposes of judicial efficiency and consistency, even if the evidence against one is more damaging than that against another." United States v. Ward, 793 F.2d 551, 556 (3d Cir. 1986).

Castelan-Prado argues he would be prejudiced if a statement made by co-defendant Ochoa to Government agents were admitted into evidence. Ochoa's statement, described in a search warrant, contains inculpatory information about Castelan-Prado. To avoid this prejudice, Castelan-Prado argues that the Rule 14 Advisory Committee Notes and case law from our Court of Appeals require that his trial be severed from that of Ochoa.

It would violate a defendant's Sixth Amendment right to confrontation to allow into evidence the statement of his co-defendant if the co-defendant does not testify at trial and the statement includes inculpatory information about that defendant. Bruton v. United States, 391 U.S. 123, 126 (1968). However, the non-testifying co-defendant's statement may be

admitted if the defendant's name and any reference to that defendant's involvement are redacted from the co-defendant's statement. Richardson v. Marsh, 481 U.S. 200, 211 (1987).

The Government acknowledges the foregoing authority and maintains that it will seek to admit Ochoa's statement only to impeach Ochoa should he testify at trial. Further, if the Government uses Ochoa's statement as impeachment evidence, it has agreed to excise from it any reference to Castelan-Prado.

Because the Government intends to introduce Ochoa's statements only if properly redacted, and only as impeachment evidence should Ochoa choose to testify, Ochoa's statement will not prejudice Castelan-Prado. United States v. Allinson, 27 F.4th 913, 925-26 (3d Cir. 2022) (citing United States v. Eufrasio, 935 F.2d 553, 568 (3d Cir. 1991)). The potential use of Ochoa's statement is the only basis upon which Castelan-Prado seeks severance.

Accordingly, the motion of defendant Eduardo Castelan-Prado for trial severance will be denied.