UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>EDUARDO CASTELAN-PRADO | CASE NO. 2:21-cr-00274-HB |

### DEFENDANT'S SENTENCING MEMORANDUM

TO THE HONORABLE HARVEY BARTLE III:

Defendant, Eduardo Castelan-Prado ("Mr. Castelan"), by and through counsel, Lauren A. Wimmer, Esq., respectfully submits the following sentencing memorandum to assist the Court in determining a fair and just sentence that is minimally sufficient, but not greater than necessary, to meet the goals of sentencing and comply with the statutory directives set forth in 18 U.S.C. § 3553(a).

### I.    PROCEDURAL HISTORY

On June 17, 2021, Mr. Castelan and co-defendant Jose Reyes-Ochoa were charged by complaint with Conspiracy to Commit Kidnapping, 18 U.S.C. § 1201(a)(1), (c), (g), and Kidnapping, 18 U.S.C. § 1201(a)(1), (g).

On July 15, 2021, the Grand Jury returned an indictment against both Mr. Castelan and Ochoa on those two counts.

On June 23, 2022, Mr. Castelan and Mr. Ochoa were convicted following a jury trial before this Honorable Court on both counts.

1

## II.     DEFENDANT'S BACKGROUND

The presentence investigation report accurately details Mr. Castelan's personal background, family background, physical conditions, mental and emotional health, substance abuse, and educational background.

Mr. Castelan stands before the Court at the age of 39. He has no criminal history until this case. Character letters are attached hereto as Exhibit A.

## III.    SENTENCING CONSIDERATIONS

### A.  Guideline Calculation

Count 1: Conspiracy to Commit Kidnapping, 18 U.S.C. § 1201(a)(1), (c), and (g). The statutory maximum the Court may impose at sentencing is life imprisonment. There is a mandatory minimum term of 20 years' incarceration. The Court may impose a maximum $250,000 fine. There is a mandatory $100 special assessment. 18 U.S.C. § 3013.

Count 2: Kidnapping, 18 U.S.C. § 1201(a)(1) and (g). The statutory maximum the Court may impose at sentencing is life imprisonment. There is a mandatory minimum term of 20 years' incarceration. The Court may impose a maximum $250,000 fine. There is a mandatory $100 special assessment. 18 U.S.C. § 3013.

The guidelines also mandate a five-year period of supervised release on each count, to run currently. 18 U.S.C. 3583(b)(1).

It is undisputed that the base offense level for Kidnapping is 32 pursuant to U.S.S.G. § 2A4.1. Mr. Castelan does not dispute the six-level enhancement because a ransom demand was made pursuant to U.S.S.G. § 2A4.1(b)(1) or the two-level enhancement because a firearm was used pursuant to U.S.S.G. § 2A4.1(b)(3).

Mr. Castelan asserts the base offense level should be 40.

There are two disputed issues to the proposed adjustments to the offense level: the two-level vulnerable victim enhancement and the two-level enhancement for use of a minor to commit the offense.

The presentence report and Government argue that this Court should increase the offense level by two levels on the grounds that "the defendant knew or should have known of the offense was a vulnerable victim." U.S.S.G. § 3A1.1(b)(1). A vulnerable victim is one who is "unusually vulnerable due to age, physical or mental condition, or who is otherwise particularly susceptible to criminal conduct." *Id.,* App. Note 2. Other circuits have acknowledged that "[t]he vulnerability that triggers § 3A1.1 must be an 'unusual' vulnerability which is present in only some victims of that type of crime." *United States v. Birge*, 830 F.3d 1229, 1231 (11th Cir. 2016) (quoting *United States v. Davis*, 967 F.2d 516, 524 (11th Cir. 1992)); *United States v. Proffit*, 304 F.3d 1001, 1007 (10th Cir. 2002).

The presentence investigation report indicates that the kidnappers knew or should have known the victim was a minor because "they surveilled the victim and his father's home many times." The Government asserts that the enhancement is applicable because his age made him more vulnerable to the kidnapping, to complying with his kidnappers, to giving the kidnappers information on his father, and because he was kidnapped alone at night.

It is undisputed that the victim in this case was 17 years old at the time of the offense and that minors are often regarded as especially vulnerable victims. Mr. Castelan asserts that the victim's age is already taken into consideration as part of the crime under Section (g)(1) and therefore should not be the basis of the vulnerable victim enhancement. The jury explicitly found that the victim was under the age of 18.

Simply because the victim resided at his father's residence does not permit the conclusion that one knew or should have known he was a minor. The enhancement requires an identifiable specific factor (or factors) that make the victim uniquely vulnerable as compared to the typical victim of the offense. This victim is a teenager who physically appears to be on the eve of adulthood. That the crime occurred while he was alone at night does not permit the enhancement based on the plain language of the statute. There is no evidence he was psychologically manipulated or unable to escape due to his age.

The presentence report imposed a two-level enhancement because "[t]he defendant made his juvenile son purchase two tracking devices which were then used in the commission of the offenses" pursuant to U.S.S.G. § 3B1.4. Application Note Three of the Commentary to § 3B1.4 indicates "[i]f the defendant used or attempted to use more than one person less than eighteen years of age, an upward departure may be warranted." USSG § 3B1.4, cmt. n. 3. The Government asserts the enhancement is proper because the evidence showed that Mr. Castelan's 15-year-old son's phone showed an Amazon receipt for a tracking device that was used to track the victim's father's car. The device was mailed to Mr. Castelan's residence, and his son confirmed in an interview that he purchased the devices. There is no evidence that Mr. Castelan directed his son to purchase the GPS devices. If anything, the evidence establishes that Sonya Cabrera asked him to purchase the devices. Cabrera provided payment via CashApp.

The presentence investigation report calculates the base offense level as 44. Pursuant to Application Note 2 of Chapter Five, Part A (Sentencing Table), an offense level of more than 43 is to be treated as an offense level of 43.

Mr. Castelan's total criminal history score is zero. He is a Criminal History Category I. If the base offense level is 43, the guideline range is life.

Stated *supra*, Mr. Castelan asserts that the base offense level should be 40. If the base offense level is 40, the guideline range is 292 to 365 months.

### B.  3553(a) Factors

The factors delineated in 18 U.S.C. § 3553(a)'s sentencing considerations require the Court to impose a sentence "sufficient but not greater than necessary" to accomplish the four purposes of sentencing set forth in the same section: retribution, deterrence, incapacitation, and rehabilitation. 18 U.S.C. § 3553(a).

In determining the sentence minimally sufficient to accomplish these purposes, the factors to be considered by the Court are as follows:

(1)    the nature and circumstances of the offense and the history and characteristics of the defendant;
(2)    the need for the sentence imposed;
(3)    the kinds of sentences available;
(4)    the sentencing range established by the guidelines;
(5)    any pertinent policy statements by the Sentencing Commission;
(6)    the need to avoid unwarranted sentencing disparity; and
(7)    the need to provide restitution where applicable.

18 U.S.C. § 3553(a)(1)-(7).

### 1.  Nature and Circumstances of Offense/Defendant History

The circumstances surrounding the kidnapping were developed through trial testimony before this Court and the same will not be repeated herein. Despite the Court's ruling at the proffer, Mr. Castelan maintains that he was under duress at the time of the crime.

Mr. Castelan's children have suffered tremendously as a result of his incarceration. His wife is raising their infant son with limited financial resources and assistance. The family will presumably be forced to relocate back to Mexico due to Mr. Castelan's immigration status. Mr. Castelan came to the United States to make a better life for himself and his family. He will pay the ultimate price in removal proceedings.

2.      Need for Sentence Imposed

In determining the need for a particular sentence, the Court must consider whether the proposed sentence does the following: (1) reflects the seriousness of the offense, promotes respect for the law, and provides just punishment for the offense; (2) affords adequate deterrence to criminal conduct; (3) protects the public from further crimes of the defendant; and, (4) provides the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. 18 U.S.C. § 3553(a)(2). However, this statute also expresses that the sentence imposed *must be sufficient, but not greater than necessary*, to meet these objectives. 18 U.S.C. § 3553(a) [emphasis added].

The presentence report indicates that a sentence of life imprisonment may be greater than necessary to achieve the purposes of sentencing set forth in 18 U.S.C. § 3553(a). The Government is requesting the Court impose a sentence of 360 months.

3.      Kinds of Sentence Available

Mr. Castelan has been federally detained since the time of his arrest on June 16, 2021. The presentence investigation report indicates that he has availed himself of the programs offered in the Philadelphia Federal Detention Center.

There is a United States Immigration and Customs Enforcement ("ICE") detainer pending. Mr. Castelan is an illegal alien and will presumably be deported to Mexico upon release.

4.      Sentencing Range Established by the Guidelines

Mr. Castelan relies on the discussion of the guidelines as outlined *supra*.

5.      Pertinent Policy Statements

Mr. Castelan is not aware of any applicable pertinent policy statements.

6.     Need to Avoid Sentencing Disparity

The Government is recommending a sentence of 360 months to avoid an unwarranted

sentencing disparity between Mr. Castelan and co-defendant Ochoa.

7.     Need to Provide Restitution

There is no restitution owed.

**IV.     CONCLUSION**

It is respectfully requested that this Court impose a sentence that is minimally sufficient,

but not greater than necessary, to meet the goals of sentencing and comply with the statutory

directives set forth in 18 U.S.C. § 3553(a).


Respectfully submitted,


Dated: 10/14/2022

Lauren A. Wimmer
PA ID: 319955
Wimmer Criminal Defense, PC
505 South Street
Philadelphia, PA 19147
(215) 712-1212 *phone*
(215) 814-8919 *facsimile*
Lauren@LAWimmer.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing motion was served via electronic filing on counsel:

Justin Oshana
USAO, Eastern District of Pennsylvania
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106
*via electronic filing*

Dated: 10/14/2022

_____
Lauren A. Wimmer
PA ID: 319955

Exhibit A

September 15, 2022


To: Judge Bartle,


I, Leticia Castelan Prado, am a sister of Eduardo Castelan Prado. I can say that I have known him all my life. I know that he is a great human being with a huge heart filled with goodness. He is a humble person that always tries to help others. I know that he is a good son, a good brother, a good husband, and above an excellent father that is always looking for the well-being of all those whom he loves. He never judges, he only helps.

That is why we feel so bad for the process that he is going through. We miss him so much but especially his children miss him the most. It breaks my heart to see how much more dearly they miss him and how much they suffer because he is not with them.

I don't have anything more to say with this few words that I describe here, but I would like him to know that from the bottom of my heart, and from my family's heart, we love him very much.


Sincerely,

Leticia Castelan Prado

1

Elena Campos

September 17, 2022

Dear Judge Bartle,

I am a sister of Eduardo Castelan Prado and my married name is Elena Campos.  My brother Eduardo is older that I am and we know each other for all of our lives.  I can tell you that my brother is very kind person with a big kind heart that cares very much for all our family.  I know that he is a good person because I see how well he treats his children, my children, and all of us in general.  Even with the rough times we had as growing up, he was always looking out for all of us and our well-being.  When we talked, he is always asking how all of us are doing and how he can help because he likes to help in whatever way he can.  I know he is a good Father because I see and speak to his children.  I can see through them and by them that he is a great Father that they love and need so much.

Thank you for the opportunity to share some of the good and kind person that we know my brother to be.  We will help him out however way we can and pray for a prompt end to the sad process that is bringing great heartache to our family.   Thank you for your consideration and appreciate your effort in this case.

Sincerely,

Elena Campos

*Elena Campos*

Rosa Maria Rojas

September 13, 2022

To The Honorable Judge Bartle:

Dear Judge,

It is an honor to write this letter for Eduardo Castelan Prado, my Fiancé, and Father to my children. I humbly ask you to please take into consideration in this case that Eduardo is a great Father to Three Children and amazing Father figure to my Nine year old Sophia. He has cared for her since she was Six, and she loves him. He has always been a great partner to me, always helping me out with the house and kids. He was the head of household and I really need him. It is very difficult without him, especially for our small children because they really need their dad.

Eduardo is one of the most calm, respectful, responsible, patient, lovable, and helpful person I have ever met. When he comes home I would be here to support him in any way possible.

Thank you for taking the time to read this letter. I beg you to be able to make a blessing in this family and please let Eduardo return to his family.

Sincerely,

Rosa Rojas

1

New York, September 16 2022

RE: Eduardo Castelan-Prado

To:  The Honorable Judge Bartle

This letter is written on behalf of Mr. Eduardo Castelan-Prado, I have known him for over 20 years, and have been married to him, and we have in common a 17 year old biological son, and a 22 year old foster son.

I can attest that Mr. Eduardo Castelan Prado has always been, and I have known him as an honorable and trustworthy person.

A very kind hearted human being, and hard working man.

As parents of two children, we have maintained a relationship of respect, and mutual agreement to work hand in hand, for the welfare of the growth and physical, moral, and spiritual formation of our children.

Mr. Eduardo Castelan-Prado during all these years proved to be a trustworthy person, as a father to my children, fulfilling the role that has corresponded to him in a dignified manner.
I have never observed irreproachable conduct in him.

It is my hope that this letter of recommendation can be taken into account.

Sincerely,
Kary L Escobar.

New York, September 16 2022

RE: Eduardo Castelan-Prado

To: The Honorable Judge Bartle

I pray that this letter finds you well. This letter is written on behalf of Mr. Eduardo Castelan-Prado; despite him not being biologically my father he is the father figure that has cared and provided for me throughout my life. He has been an amazing role model for me and ever since a young boy he has taught me the value of respect, honor, humility, hard work and faith. He provided support to my family and I, always demonstrating his love and care.

I can attest that my father, Mr. Eduardo Castelan Prado has always been and is a trustworthy person. He is a positive role model in my life as he is to many people in our family and community.

Mr. Eduardo Castelan-Prado has demonstrated to us to always treasure trust and has shown us the importance of it through his actions. He has never raised any suspicion and has always been a loving man not only to us but to many.

It is my great desire that this letter of recommendation can be taken into account.

Sincerely,
Abraham Escobar.

New York, September 16 2022

RE: Eduardo Castelan-Prado

To:  The Honorable Judge Bartle

This letter is written on behalf of Eduardo Castelan Prado, he is my father has taught me morals, principles, and values making me the person I am today.

I look up to my father in many ways and has always been a hardworking man to provide for his family. He inspires me everyday to continue on my education to pursue my dream. My father has always shown love to his family, and has helped people in the past, I have never seen my father with bad intentions.

He has been a man with a good heart for his fellow man, helping in any need and very compassionate, I never saw him get into trouble. My father is a man of God and has shown me, the right guide to have a connection to God as well.

I extend my deepest gratitude that this letter may be taken into account, and I thank you infinitely for your attention.

Sincerely,
Eduardo Steve Castelan Escobar.

Khristian Castelan

September 17, 2022

To the honorable judge _Bartle_,


Hello, my name is Khristian Castelan and I am the younger brother of Eduardo Castelan. Firstly I want to say that my family and I are all aware of what my brother is being accused of and were all genuinely shocked when we were informed. My whole life, my brother was someone that I always looked up to and always gave me advice when I needed it. He has been a part of my life since the beginning and we have memories together that I'll never forget. From a very young age, he would always look out for me and protect me if he ever had to. There was never a moment that went by, that I knew that if I needed help with something I could always ask my big brother and he wouldn't say no. I've always seen him love and care for his family and he would put them first before anything. He was a solid and helpful person and would help out those close to him if they ever truly needed it. Having known him my entire life, I can only say good things about my brother because that is all I ever saw from him. My big brother will forever be an important person in my life and I wish for nothing more than to be able to see him again soon and enjoy life with him and all my family together like we always have.

Sincerely,

Khristian Castelan

September 23, 2022


To Judge Bartle,


My name is Eucario Rincon and Eduardo Castelan Prado is my brother-in-law.  I knew from Eduardo and his family since we were little but grew up apart.  We re-acquainted with each other as adults about Ten years ago when I started dating one of his sisters.

This letter is to attest to Eduardo's character as I have known him.  All the time that I have interacted with him and my family, he has been a great person with a good sense of humor, upbeat, respectful, helpful, caring and kind.  He has always brought happiness to our home with his family no matter the occasion.  This was especially true even on the times when my family was passing by some sad chapters. He brought a positive outlook that befitted all in my family but especially to my wife while our children were ill.  He was uplifting my wife's spirits by bringing good lights to the dark days we were having.  He was always playful with his children and ours.  We did not witness disrespect while we interacted with him. By the contrary, he was always trying to be helpful with anything he could around our home.  He was always attentive to the needs of his children and if at some point they were not feeling very good, he took care of that by giving them the proper medicine and cared for them to get well soon.

Family has a central role in his life because I always saw and heard him trying to help them to strive for a better life by working hard.  He did whatever he could to help them go in that direction because he is a good person with a very kind heart.  Therefore, in my family we miss him dearly, but most especially my wife and kids.   However, I'm sure nothing compares to immense heartache that his wife and specially his small children are suffering now for this separation.

I sincerely thank you very much for your time and understanding in the consideration of my brother-in-law Eduardo's case.

Kind Regards,

Eucario Rincon

September 19, 2022

To Judge Bartle:

I am writing this letter about Eduardo Castelan in regard to his character.

I would like to introduce myself as Mayra Castelan, Sister of Eduardo. I have known him my whole life because he is my brother, and we always have had a close relationship. Since I arrived in this country he always helped me, encouraged me to study, and work hard to prepare myself to become someone … and that is what I did because he pushed me to do well in life.

I would always see him working hard to support his family, and a lot of people love him because he is a man with a precious heart that helps without interest. I am personally grateful to him because he saved me from danger and protected me many times. For example, 18 years ago I had a bad flu and was very sick. During the night I was suffering a lot and was in a bad shape. He woke up and started making home remedies for me. He gave me the medicine for me to rest from the pain. The same way he helped many of us. He has been trust worthy and the best father figure his kids can have.

In 2018, my daughter was diagnosed with leukemia, a cancer in the blood, and my brother was with me like no one else supporting me, and helping me out with my daughter during these tough times. I was so sad that I wanted to give up, but Eduardo said "don't give up". He supported me emotionally, and helped with my child to calm her down when she was sad, and crying because of the illness and side effects that are not easy to overcome. He is a man of God because he always prays for my daughter to get better and stay alive. My daughter respects him because he has always been present in her life. Now that she finished the arduous treatment she is a happier little girl. However, she does get sad and suffers because her uncle has not visited us anymore, and she loves him a lot. At night she prays to God that her uncle can come one day to play with her again. … Unfortunately, my baby son was also diagnosed with leukemia as well, and again my brother was with us taking care of my son. I know he is a dedicated individual because he loves his children a lot. And I know that his kids are suffering now because they are young and they need him with them. We are all upset about the circumstances because he is a great father, best brother, a great husband and kind friend. He has contributed his best and I always saw him working hard.

He is a decent man and a great father, because since I have been present I have seen only the best actions and cares a lot for his children and wife. He is great at doing house chores and always helping anyway he can. I know he is suffering because he needs to be close to his family. I hope that this is taken into consideration and don't doubt that he is a great man because he made a great impact on my kids and helped me to don't give up. He took care of my kids with faith and calm when they were sick so I know he is a great human being.

Thank you for taking the time to read about this very valuable person named Eduardo Castelan.

Sincerely,

Mayra Castelan